WILLIAM H. CAMP, Respondent, *v.* JAMES TREANOR et al., Appellants.

(Submitted June 18, 1894; decided June 22, 1894.)

THIS was a motion for a re-argument. For report of the case see 142 N. Y. 478.

The following is the opinion in full:

" The learned counsel for the respondent on a motion for re-argument contends that the contract upon which this action was brought should be interpreted as containing a promise on the part of the defendants to pay to the plaintiff a percentage on the cost of the labor and materials as compensation for his services in superintending the work without regard to the pecuniary result of the enterprise or whether there was a profit or a loss. He does not claim that this is the necessary and natural import of the language which the parties have embodied in the writing itself, but from certain oral testimony given at the trial and the surrounding circumstances, including the conduct and situation of all the parties, which he insists must be read with the agreement, and when

thus read the intention of the parties was to make an agreement of the character claimed. When the language used in a contract is ambiguous or equivocal, and its meaning depends upon the sense in which the words are used in view of the subject to which they relate, the relation of the parties and the surrounding circumstances properly applicable to it, the intent of the parties becomes a matter of inquiry, and the interpretation of the language used by them is a mixed question of law and fact. (*White* v. *Hoyt*, 73 N. Y. 505; *Dwight* v. *Germania Ins. Co.*, 103 id. 341; *Kenyon* v. *K. T. & M. M. A. Ass.*, 122 id. 254.) This contract, if within the principle at all, is clear enough except in respect to the plaintiff's interest in it. The counsel contends that the intent was to define his compensation for services as ten per cent of the cost of labor and materials, and that he was to have that in any event. The writing says that he was to share in a certain way in any surplus and there was none. It goes further and provides in the clearest language that in case of a deficiency, or in other words a loss, he shall pay the proportion of such loss. The learned counsel has not attempted to explain this clause, and unless it can be shown that it has no application whatever to the plaintiff, then even upon the theory that the contract provided for an absolute sum to be paid to the plaintiff as compensation, the sum to which he would be entitled should be reduced by his share of the loss when ascertained upon an accounting. It may be that the writing does not express the agreement and intention of the parties, but upon the record before us we cannot so hold as matter of law, and the trial court has not so found as matter of fact. Our attention has been called to certain testimony and to circumstances tending, as is claimed, to show that the agreement was in accordance with the plaintiff's contention. The evidence is by no means conclusive. It might have justified a reformation of the contract or a finding of fact that would give interpretation to the writing in harmony with the plaintiff's contention. But, until the trial court has found that the writing does not express the intention of the parties and the agreement as they actually intended to make it, this court is not at liberty to resort to the evidence for the purpose of spelling out what

they intended to embody in the paper. We have held that the writing alone does not give to the plaintiff any sum as compensation. The language confines him to a share of the profits and subjects him to payment of his share of the loss. If a mistake was made in drafting the instrument, or if it is ambiguous or indefinite, or does not express the thought in the minds of all the parties, the trial court should find the facts and from the evidence should find just what the parties intended. The referee has not found any fact that would warrant us in going outside of the written instrument. If the case is one where an ambiguity can be solved or an omission to express in writing what the parties had in mind can be supplied by oral proof, then the particular fact which is established by such proof should be found. The referee has only found the execution of the writing, and then, without finding any other fact, has given to it an interpretation which, we think, the language will not bear.

"The motion for re-argument should be denied, with $10 costs."

*Hector M. Hitchings* for motion.

*Durnin & Hendrick* opposed.

O'BRIEN, J., reads for denial of motion.
All concur, except GRAY, J., dissenting.
Motion denied.